DUANE MORRIS LLP
Gregory P. Gulia
Eric W. McCormick
Christopher J. Rooney
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNILEVER SUPPLY CHAIN, INC. and     :
CONOPCO, INC. d/b/a UNILEVER        :
                 :
          Plaintiffs,     :
      -against-            :
                 :
CLINERE PRODUCTS INC. and        :
RICHARD CARL OLSON            :
                 :
          Defendants.     :
-------------------------------------------------------------X

**COMPLAINT
AND JURY DEMAND**

      Plaintiffs, Unilever Supply Chain, Inc. and Conopco, Inc. d/b/a Unilever, by their

undersigned attorneys, Duane Morris LLP, for their Complaint allege as follows:

<u>SUBSTANCE OF THE ACTION</u>

      1.      This is an action for trademark infringement, trade dress infringement, trademark

and trade dress dilution and unfair competition with respect to Plaintiffs' federally registered and

famous Q-TIPS® mark and certain distinctive trade dress used by Plaintiffs in connection with

their Q-TIPS® products. Q-TIPS® products are extraordinarily famous as personal care

products. This action arises out of Defendants' unauthorized past, current and planned use of the

name EAR TIPS and certain trade dress in connection with Defendants' ear cleaning products,

which provides the basis for Plaintiffs' claims for federal trademark infringement and unfair

competition under Sections 32(1) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"),

15 U.S.C. §§ 1114(1) and 1125(a), for federal trade dress infringement under Section 43(c)(1) of

the Lanham Act, 15 U.S.C. § 1125(a)(1), for federal trademark and trade dress dilution under

§ 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and for substantial and related claims of

unfair competition, deceptive trade practices, dilution, and injury to business reputation under the

state and common laws of the State of New York.  The following are pictures of some of the

products at issue in this action:

 

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §

1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b), and

under principles of supplementary jurisdiction.

3.    This Court has personal jurisdiction over Defendant Clinere Products Inc. because

Clinere Products Inc. sells and markets its products to customers located in the State of New

York.

4.    This Court has personal jurisdiction over Defendant Richard Carl Olson because

Olson is the Co-owner and President of Clinere Products Inc. and he directs and exerts

2

substantial control over all of Clinere's activities and operations, including all of the activities that give rise to New York jurisdiction in this matter.

5.    The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.    Venue properly lies in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and § 1391(c), because Defendants do business in and/or have substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

PARTIES

7.    Plaintiff Unilever Supply Chain, Inc. ("Unilever Supply Chain") is a corporation duly organized and existing under the laws of Delaware with offices at 1 John Street, Clinton, Connecticut 06413.  Plaintiff Unilever Supply Chain is the owner of several U.S. federal registrations for the famous Q-TIPS® trademark ("Q-TIPS® Mark").

8.    Plaintiff Conopco, Inc. d/b/a Unilever ("Conopco") is a corporation duly organized and existing under the laws of New York with offices at 800 Sylvan Avenue, Englewood Cliffs, New Jersey  07632.

9.    Conopco is the exclusive licensee of Plaintiff Unilever Supply Chain for the Q-TIPS® Mark for various cotton swab and other personal care products.  Plaintiffs Unilever Supply Chain and Conopco are collectively hereinafter referred to as "Plaintiffs."

10.    Upon information and belief, Defendant Clinere Products Inc. ("Clinere") is a corporation duly organized and existing under the laws of Illinois, having a place of business at 28965 North Lemon Road, Mundelein, Illinois 60060.

3

11.    Upon information and belief, Defendant Richard Carl Olson ("Olson") is the Co-owner and President of Clinere.  Upon information and belief, Olson may be contacted at the following address: 28965 North Lemon Road, Mundelein, Illinois 60060.

FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    <u>Plaintiffs' Intellectual Property</u>

12.    Conopco is a leading manufacturer, distributor and seller of cotton swabs and other personal care products.  Conopco distributes and sells its cotton swab products throughout the country under its famous Q-TIPS® Mark.

13.    Plaintiffs and their predecessors have sold cotton swabs and other personal care products under the Q-TIPS® Mark continuously in interstate commerce since at least as early as 1926.  The famous Q-TIPS® Mark has appeared on product packaging, advertising, promotional materials, displays and the like.

14.    Plaintiff Unilever Supply Chain is the owner of the following valid, subsisting and incontestable U.S. trademark registrations for the mark Q-TIPS®:

| MARK | REGISTRATION NO. AND DATE | GOODS |
|---|---|---|
| Q-TIPS | 0309,256<br>January 9, 1934 | Swabs consisting of sanitary absorbent cotton, attached to the end of a small piece of wood |
| Q-TIPS | 0591,736<br>June 22, 1954 | Swabs consisting of small sticks of wood or paper having wads of cotton twisted about one or both their ends and intended for use primarily as a cosmetic aid and dressing table adjunct |

| MARK | REGISTRATION NO. AND DATE | GOODS |
|---|---|---|
|  | 2,809,256 January 27, 2004 | Cotton swabs |

These incontestable registrations serve as conclusive evidence of Plaintiffs' exclusive right to use the marks on the goods cited therein. Copies of the Certificates of Registration are attached hereto as Exhibit 1 and are incorporated herein by reference.

15.     Since long prior to the acts of Defendants complained of herein, Plaintiffs and their predecessors have sold and continue to sell Q-TIPS® brand cotton swabs in distinctive product trade dress. This trade dress includes the following elements:

- The Q-TIPS® mark is depicted in solid, stylized white lettering and printed at an upward-pointing angle to the right.

- Underneath the Q-TIPS® mark, the words "Cotton Swabs" appear in solid, stylized white lettering.

- A distinctive blue color used on all Q-TIPS® brand products is featured as a prominent color.

- Underneath the Q-TIPS® mark, the distinctive blue color appears a shade lighter than the blue color found on the rest of the product packaging.

The Q-TIPS® product packaging and the distinctive design elements incorporated therein shall hereinafter collectively be referred to as the "Q-TIPS® Trade Dress." Annexed hereto as Exhibit 2 are copies of digital photographs of representative samples of Plaintiffs' Q-TIPS® brand cotton swabs showing Plaintiffs' distinctive Q-TIPS® Trade Dress. The Q-TIPS® Mark and Q-TIPS® Trade Dress are hereinafter referred to as the "Q-TIPS® Intellectual Property."

16.     As a result of Plaintiffs' marketing and promotional efforts, Plaintiffs' Q-TIPS®

brand products are currently available and sold to consumers throughout this District, this State

and the United States.

17.     Over the years, the volume of sales of goods under the Q-TIPS® brand has been

enormous.  Plaintiffs' Q-TIPS® brand is the largest selling brand for cotton swab products in the

United States.

18.     The extraordinary and longstanding success of Plaintiffs' Q-TIPS® brand over

many years has fostered wide renown with the trade and public.  The products sold under the Q-

TIPS® brand have a reputation for being of the highest quality.

19.     Plaintiffs continuously and extensively advertise and promote the Q-TIPS® brand

products in a wide variety of national media including nationally circulated newspapers and

magazines.

20.     Plaintiffs maintain a website at the domain name address www.qtips.com to

advertise and promote their Q-TIPS® brand products and provide product information.  Annexed

hereto as Exhibit 3 is a print-out from Plaintiffs' web site located at www.qtips.com featuring the

Q-TIPS® products.

21.     As a result of this time and effort, extensive promotion and advertising, and many

substantial sums spent developing and marketing Plaintiffs' Q-TIPS® brand, the Q-TIPS®

Intellectual Property has acquired and maintains an outstanding celebrity and fame symbolizing

the substantial and material goodwill that Plaintiffs have created for the Q-TIPS® Intellectual

Property throughout the United States.

22.     Because of the extensive promotion and use of Plaintiffs' Q-TIPS® Intellectual

Property, the Q-TIPS® Intellectual Property has acquired enormous value and secondary

meaning.  Plaintiffs' Q-TIPS® Intellectual Property has become extremely well known to the consuming public and trade as identifying and distinguishing Plaintiffs' Q-TIPS® brand products from those of their competitors.

**B.    Defendants' Unlawful Activities**

23.    Upon information and belief, Defendant Olson directs and exerts substantial control over all of Clinere's activities and operations, including all of the activities that give rise to New York jurisdiction in this matter.

24.    Upon information and belief, Defendants Clinere and Olson (collectively, "Defendants") manufacture, market, distribute and sell their ear cleaning products under the names EAR TIPS and EAR BRUSH throughout the United States through Defendants' company website located at www.clinere.com and through online retailers, such as www.samsclub.com. Upon information and belief, Defendants' ear cleaning products are marketed in packaging bearing EAR TIPS and EAR BRUSH.  Annexed hereto as Exhibit 4 are printouts from Defendants' website www.clinere.com showing the packaging of Defendants' ear cleaning products bearing EAR TIPS and EAR BRUSH.  Annexed hereto as Exhibit 5 is a printout from the website www.samsclub.com showing the results from a search for the phrase "Ear Tips."

25.    Defendants' EAR TIPS and EAR BRUSH products are ear cleaning personal care products that come in packaging that is highly similar to the Q-TIPS® Trade Dress ("Defendants' Infringing Trade Dress").  Defendants' EAR TIP and EAR BRUSH products feature trade dress that include the following elements:

- The terms EAR TIPS and EAR BRUSH printed in similarly stylized lettering and at an almost identical upward-pointing angle as that used by Plaintiffs to present their mark Q-TIPS® on their Q-TIPS® brand products.

- Defendants' EAR TIPS and EAR BRUSH products feature a blue color scheme which is highly similar to the color scheme and indeed incorporates almost identical shades of blue as used on Plaintiffs' Q-TIPS® brand products.

- The terms "Ear Cleaners" and "Ear Cleaning Shower Brush Set" appear below the names EAR TIPS and EAR BRUSH, respectively — in a manner almost identical in terms of appearance, angle and positioning to the term "Cotton Swabs" which appears below Plaintiffs' Q-TIPS® mark on its Q-TIPS® brand products.

Annexed hereto as Exhibit 6 are pictures of representative samples of Defendants' EAR TIPS and EAR BRUSH ear cleaning products.

26.    Defendants' unauthorized misappropriation and use of so many of the distinctive elements of the Q-TIPS® Intellectual Property constitutes a deliberate attempt to trade upon the goodwill and reputation of Plaintiffs' famous products and intellectual property.

27.    Consumers have been misled by Defendants' unauthorized and infringing use of EAR TIPS and Defendants' Infringing Trade Dress to believe that Defendants' EAR TIPS and EAR BRUSH brand products are sponsored by, licensed from or otherwise affiliated with Plaintiffs and/or Plaintiffs' Q-TIPS® brand products.

28.    Without Plaintiffs' permission or knowledge, Defendant Olson filed an application with the United States Patent and Trademark Office (PTO) to register EAR TIPS under Ser. No. 77/304,762 for "disposable or reusable one-piece personal ear cleaning devices." This application is currently pending in the PTO.

29.    On November 30, 2007, Plaintiffs' counsel sent a letter to Richard Carl Olson advising him of Plaintiffs' rights in the Q-TIPS® Mark, the illegality of Defendants' activities and demanding that Defendants cease all use of the EAR TIPS name.  Annexed hereto as Exhibit 7 is a copy of Plaintiffs' November 30, 2007 letter to Defendants.  Despite being put on notice of Plaintiffs' exclusive rights in the Q-TIPS® Mark, Olson did not cease Defendants' illegal activities.

30.    Although counsel sent three additional letters to Olson demanding that Defendants cease their illegal activities and provide confirmation that they had done so, Defendants continue to conduct their illegal activities.

31.    Defendants' use of and application to register EAR TIPS and its use of Defendants' Infringing Trade Dress in the United States occurred long after Plaintiffs and their predecessors began using the Q-TIPS® Mark and Q-TIPS® Trade Dress, had obtained federal registrations for the Q-TIPS® Mark, and the Q-TIPS® Mark and Q-TIPS® Trade Dress had acquired enormous goodwill and become famous.

32.    Upon information and belief, Defendants have not ceased use of EAR TIPS or Defendants' Infringing Trade Dress.

33.    Defendants adopted, commenced use of and are using and planning to use EAR TIPS and Defendants' Infringing Trade Dress with the intent and purpose of trading on the extensive goodwill built up by Plaintiffs in Plaintiffs' Intellectual Property and to reap the benefits of years of effort and investment by Plaintiffs to create public recognition of Plaintiffs' Intellectual Property and the products sold thereunder.

34.    Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

35.    Defendants' acts of imitation have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

36.    Plaintiffs reallege paragraphs 1 through 35 above and incorporate them by reference as if fully set forth herein.

37.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' registered Q-TIPS® Mark in connection with Defendants' ear cleaning products

9

infringes Plaintiffs' exclusive rights in their federally registered marks, is likely to cause

confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section

32(1) of the Lanham Act, 15 U.S.C. §1114(1).

38.     Defendants have used a copy, variation, simulation or colorable imitation of

Plaintiffs' Q-TIPS® Mark with full knowledge of the long and extensive prior use of the Q-

TIPS® Mark by Plaintiffs.

39.     Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and

to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the

public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125(a)(1))

40.     Plaintiffs reallege paragraphs 1 through 39 above and incorporate them by

reference as if fully set forth herein.

41.     Defendants' use of EAR TIPS and Defendants' Infringing Trade Dress with their

ear cleaning products is likely to cause confusion, mistake, or deception, and constitutes a false

designation of origin, false description and representation of Defendants' goods and a false

representation that Defendants' goods are sponsored, endorsed, licensed, authorized and/or

affiliated or connected with Plaintiffs in violation of Section 43 of the Lanham Act, 15 U.S.C.

§1125(a)(1).

42.     Upon information and belief, Defendants used EAR TIPS and Defendants'

Infringing Trade Dress in connection with their ear cleaning products with full knowledge of

Plaintiffs' long and extensive prior use of Plaintiffs' Intellectual Property.

10

43.     Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FEDERAL TRADEMARK DILUTION (15 U.S.C. §1125(1)(c))

44.     Plaintiffs reallege paragraphs 1 through 43 above and incorporate them by reference as if fully set forth herein.

45.     By reason of Plaintiffs' continuous and extensive use and advertising of their products in connection with the Q-TIPS® Mark, the Q-TIPS® Mark has become famous and highly distinctive of Plaintiffs and is uniquely associated with Plaintiffs.

46.     Defendants' above-described actions occurred long after Plaintiffs' Q-TIPS® Mark acquired fame, and will, unless restrained, likely dilute the distinctive quality of Plaintiffs' famous Q-TIPS® Mark by destroying the exclusive association between Plaintiffs' Q-TIPS® Mark and their goods, and/or otherwise lessening the capacity of the Q-TIPS® Mark to identify Plaintiffs and their goods exclusively and/or tarnishing Plaintiffs' valuable Q-TIPS® Mark by undermining and damaging the goodwill and reputation associated with the Q-TIPS® Mark.

47.     Defendants' aforesaid actions are intentional and in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiffs' irreparable damage and will, unless restrained, continue to so damage Plaintiffs, which have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## FEDERAL TRADE DRESS DILUTION (15 U.S.C. §1125(1)(c))

48.     Plaintiffs reallege paragraphs 1 through 47 above and incorporate them by reference as if fully set forth herein.

49.    By reason of Plaintiffs' continuous and extensive use and advertising of their products in connection with the Q-TIPS® Trade Dress this trade dress has become famous and highly distinctive of Plaintiffs and is uniquely associated with Plaintiffs.

50.    Defendants' above-described actions occurred long after Plaintiffs' Q-TIPS® Trade Dress acquired fame, and will, unless restrained, likely dilute the distinctive quality of Plaintiffs' famous Q-TIPS® Trade Dress by destroying the exclusive association between Plaintiffs' intellectual property and their goods, and/or otherwise lessening the capacity of the Q-TIPS® Trade Dress to identify Plaintiffs and their goods exclusively and/or tarnishing Plaintiffs' valuable Q-TIPS® Trade Dress by undermining and damaging the goodwill and reputation associated with the Q-TIPS® Trade Dress.

51.    Defendants' aforesaid actions are intentional and in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiffs' irreparable damage and will, unless restrained, continue to so damage Plaintiffs, which have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. §1125(a)(1))

52.    Plaintiffs reallege paragraphs 1 through 51 above and incorporate them by reference as if fully set forth herein.

53.    Among the consuming public, Plaintiffs' Q-TIPS® Trade Dress has acquired distinctiveness among the consuming public and is non-functional.

54.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' Q-TIPS® Trade Dress in connection with Defendants' ear cleaning products infringes Plaintiffs' exclusive rights in Plaintiffs' Q-TIPS® Trade Dress, is likely to cause confusion,

mistake, or deception, and constitutes trade dress infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

55.    Defendants have used a copy, variation, simulation or colorable imitation of Plaintiffs' Q-TIPS® Trade Dress with full knowledge of Plaintiffs' long and extensive prior use of the Q-TIPS® Trade Dress.

56.    Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

57.    Plaintiffs reallege paragraphs 1 through 56 above and incorporate them by reference as if fully set forth herein.

58.    Upon information and belief, Defendants were aware of Plaintiffs' prior use of Plaintiffs' Q-TIPS® Intellectual Property, and adopted and used the EAR TIPS name and Defendants' Infringing Trade Dress in disregard of Plaintiffs' rights in Plaintiffs' Q-TIPS® Intellectual Property. Upon information and belief, Defendants' use of the EAR TIPS name and Defendants' Infringing Trade Dress has resulted in the misappropriation of and trading upon Plaintiffs' goodwill and business reputation at Plaintiffs' expense and at no expense to Defendants. The effect of Defendants' misappropriation of the goodwill symbolized by Plaintiffs' Q-TIPS® Intellectual Property is to unjustly enrich Defendants, damage Plaintiffs and confuse and/or deceive the public.

59.    Defendants' conduct constitutes unfair competition with Plaintiffs, all of which has caused and will continue to cause irreparable injury to Plaintiffs' goodwill and reputation unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

13

## SEVENTH CLAIM FOR RELIEF
## DILUTION AND INJURY TO BUSINESS REPUTATION
### (N.Y. General Business law §360-l)

60.    Plaintiffs reallege paragraphs 1 through 59 above and incorporate them by reference as if fully set forth herein.

61.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' Q-TIPS® Intellectual Property has caused and will continue to cause the dilution of the distinctive quality of Plaintiffs' Q-TIPS® Intellectual Property, resulting in injury to Plaintiffs' business reputation.

62.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' Q-TIPS® Intellectual Property in connection with goods not controlled or otherwise subject to Plaintiffs' control has caused and will continue to cause dilution and/or injury to the reputation of the Plaintiffs and Plaintiffs' goods.

63.    Upon information and belief, Defendants do not own a U.S. trademark registration for EAR TIPS.

64.    By reason of the foregoing, Plaintiffs are entitled to injunctive relief under New York General Business Law §360-l.

65.    Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

66.    Plaintiffs reallege paragraphs 1 through 65 above and incorporate them by reference as if fully set forth herein.

67.     By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods, in violation of § 349 of the New York General Business Law.

68.     The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendants.

69.     Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiffs.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment as follows:

1.     Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

(a)     using or authorizing any third party from using any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' Q-TIPS® Intellectual Property in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

(b)     imitating, copying or making any unauthorized use of the Plaintiffs' Q-TIPS® Intellectual Property or any copy, simulation, variation or imitation thereof;

(c)     making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiffs;

(d)     using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiffs or tend to do so;

(e)     diluting the distinctive quality of Plaintiffs' Q-TIPS® Intellectual Property;

(f)     registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin EAR TIPS, Defendants' Infringing Trade Dress or any other mark, trade dress or name that infringes on or is likely to be confused with Plaintiffs' Q-TIPS® Intellectual property;

(g)     engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of Plaintiffs' Q-TIPS® Intellectual Property; and

(h)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (h).

2.     Requiring Defendant Olson to formally abandon with prejudice U.S. trademark application Ser. No. 77/304,762 and Defendants to abandon any other applications to register any trademark, service mark, or trade dress consisting of, containing, or confusingly similar to the Q-TIPS® Intellectual Property either alone or in combination with other words and/or designs.

3.     Requiring Defendants to direct all distributors, retail establishments or wholesale establishments to cease the distribution or sale of any and all goods sold in connection with or bearing EAR TIPS and/or Defendants' Infringing Trade Dress.

4.     Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiffs' Q-TIPS® Intellectual Property, used alone or in combination with other words and/or designs.

5.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured,

17

sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiffs or related in any way to Plaintiffs' products.

6.     Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

7.     Awarding Plaintiffs such damages as they have sustained or will sustain by reason of Defendants' trademark infringement, trade dress infringement, trademark dilution, trade dress dilution, unfair competition, dilution and injury to business reputation and deceptive trade practices.

8.     Awarding Plaintiffs all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Plaintiffs an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

9.     Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

10.    Awarding Plaintiffs their costs and disbursements incurred in this action, including their reasonable attorneys' fees.

11.    Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  New York, New York
         June 18, 2008

         Respectfully submitted,

         DUANE MORRIS LLP

         By:_____

         Gregory P. Gulia
         Eric W. McCormick
         Christopher J. Rooney
         1540 Broadway
         New York, New York 10036-4086
         Telephone: (212) 692-1000
         Fax: (212) 692-1020

         Attorneys for Plaintiffs
         Unilever Supply Chain, Inc. and
         Conopco, Inc. d/b/a Unilever

**Exhibit 2**



**Exhibit 3**



Q-tips® cotton swabs are the ultimate beauty tool – perfect for applying, blending or touching up makeup. Q-tips® are:

- Versatile
- Portable
- Convenient
- Easy to use
- Made from 100% cotton
- Available in a wide variety of packages from travel-size to family size

**Purse Pack (30 Count)**
The Q-tips® 30 count purse pack portable size allows for convenient storage in your purse or at your desk for quick makeup application or removal – anytime, anywhere. The new flip-top design and refillable packaging makes on-the-go touch ups a breeze.

**Vanity Pack (285 Count)**
Attractively designed, this refillable case is perfect for display on a bathroom vanity or bureau. The re-sealable feature provides easy access for all your daily beauty needs.



Q-tips® cotton swabs are the ultimate beauty tool – perfect for applying, blending or touching up makeup. Q-tips® are:

- Versatile
- Portable
- Convenient
- Easy to use
- Made from 100% cotton
- Available in a wide variety of packages from travel-size to family size

**Purse Pack (30 Count)**
The Q-tips® 30 count purse pack portable size allows for convenient storage in your purse or at your desk for quick makeup application or removal – anytime, anywhere. The new flip-top design and refillable packaging makes on-the-go touch ups a breeze.

**Vanity Pack (285 Count)**
Attractively designed, this refillable case is perfect for display on a bathroom vanity or bureau. The re-sealable feature provides easy access for all your daily beauty needs.

**Standard Pack (500 Count)**
Designed to hold a large quantity of Q-tips® for a variety of daily needs.

Q-tips® cotton swabs are available nationwide in food, drug and mass outlet stores.

Tell a Friend | Contact Us | Store Finder | Terms of Use | Privacy Policy | © Copyright 2007 – 2008 Unilever

2

C:\Documents and Settings\vcegi070\Desktop\Ear-tips 2.doc

**Exhibit 4**



OUR PRODUCTS - Microsoft Internet Explorer provided by Duane Morris LLP

File   Edit   View   Favorites   Tools   Help

Back   ·   Search   Favorites

Address   http://clinere.com/_wsn/page2.html   Go

# Clinere Products, Inc.

*PERSONAL CARE PRODUCTS - SALES & MARKETING*

Home   **OUR PRODUCTS**   **CONTACT US**

**OUR PRODUCTS**

CLINERE'S New Patented "Ear Tips" are Double ended Personal Care Ear Cleaners. Designed and Developed as an effective way of cleaning ones "Own" ears. Clean, Comfortable and Disposable this product helps in the removal of excess ear wax and ear debris.

Sold in a Convienent "Two-Pack Trial Size" and in our "Twenty Pack" slide-in sleeve tray!

CLINERE'S New Patented "Ear Brush", is sold as a set of products for use in Personal Care Ear Cleaning as an ear skin scrubber. Best used in the shower or tub by using the brush handle with our disposable brush tip's with soap and water to gently scrub in and around the outer surfaces of the ear.

Read the Instructions of both products thoroughly before use!

NEW

Internet

Start    OUR PRODUCTS    4 Mi...    Adob...    3 I...    3 I...    2 M...    login...    DTE...    2:42 PM

C:\Documents and Settings\teegl\70\Desktop\Ear-tips.doc



C:\Documents and Settings\eegf\70\Desktop\Ear-tips.doc

**Exhibit 5**

Sam's Club - Search Results



Register Today.
Purchase or Renew a Membership.
Sign-In

Now shopping:
All Items (Change)
NO CLUB SELECTED (Select A Club)

Cart (0) $0.00
My Account  Order Status
Shopping Tools  Find a Sam's Club

In Clubs Now

Appliances | Electronics | Furniture | Jewelry | Office Products | Outdoor | See All | Click 'n' Pull® | Services | Membership | Club

Great values by e-mail - sign up for Sam's Club Insider

Search: _____ [GO!]

## 2 results found for "ear tips"

Category
Sam's Club (1)

2 products sorted by Best Match

page 1

Price
$6 to $10 (1)
$16 to $20 (1)

Member Recommended




.75 ct. t.w. Round
Diamond Earrings (H-
I, I1)



50 ct. t.w. Round
Diamond Earrings (G-
H, SI1-SI2)

1 ct. t.w. Round-Cut
Diamond Earrings (I,
SI2)



Clinere™ Ear-Tips™ -
80 ct. #129329



Q-Tips® Variety Pack-
1,375ct #063683

1    $19.26

CHECK AVAILABILITY

Add to Cart

page 1

Sam's Club - Search Results

**About Sam's Club**
About samsclub.com
Site Directory
Privacy Policy
Terms and Conditions

**Sam's Club Features**
Sam's Club Source™
Consumer & Business Credit
Sam's Club International
Sam's Club Careers

**In-Club Events**
Find a Sam's Club
Press Releases
Road Show Events
Author Signing Events

**Help**
Contact Sam's Club
Forgot E-mail/Password
Product Recalls
All Help

**FAQs**
Shipping
Returns and Refunds
Sam's Club Suppliers
All FAQs

© 2000-2008, Sam's West, Inc. All rights reserved.

gblpai04

**Exhibit 6**





**Exhibit 7**

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

GREGORY P. GULIA
DIRECT DIAL: 212.692.1027
PERSONAL FAX: 212.202.6014
E-MAIL: gpgulia@duanemorris.com

www.duanemorris.com

November 30, 2007

**BY FEDEX**

Mr. Richard Carl Olson
President
Clinere Products
28965 North Lemon Road
Mundelein, IL 60060

Re:     **Objection to United States Trademark Application to Register and
        Purported Use of EAR TIPS (Our Ref. Y0759-00191)**

Dear Mr. Olson:

We are trademark litigation counsel to Unilever, owner of the famous Q-TIPS®
trademark ("Q-TIPS® Mark"). We are writing to you as the Applicant for application Serial No.
77/304,762 for the mark EAR TIPS covering "disposable or reusable one-piece personal ear
cleaning devices," which you filed on October 15, 2007.

As you undoubtedly know, Q-TIPS® brand products are among the most successful and
popular personal care products in the United States. Unilever and its predecessors have been
using its famous Q-TIPS® Mark in the United States since at least as early as 1926. Unilever
has invested significant amounts of time, effort and many millions of dollars developing and
marketing the Q-TIPS® Mark and the products marketed and sold thereunder. As a result of
Unilever's extensive marketing and promotional efforts for over the past 80 years, sales of the Q-
TIPS® brand products have been enormous and the Q-TIPS® Mark has engendered widespread
fame and recognition in the United States, Canada and around the world. Indeed, Q-TIPS®
brand cotton swabs grossed over $150 million dollars in annual sales in 2006. In light of these
efforts and Unilever's maintenance and control over the quality of its products and services,
when consumers see the Q-TIPS® Mark, they know that the products will be of the highest
quality.

The strength and integrity of the Q-TIPS® Mark is further bolstered and protected by
numerous federal trademark registrations. These registrations include the following
incontestable registrations: Registration Nos. 0309,256; 0591,736; and 0928,702.

DuaneMorris

Mr. Richard Carl Olson
November 30, 2007
Page 2

Unilever has recently learned that you have filed an application to register EAR TIPS as a trademark with the United States Patent and Trademark Office (Serial No. 77/304,762) covering "disposable or reusable one-piece personal ear cleaning devices" and purport to use EAR TIPS as a trademark in connection with the goods cited in your trademark application.

The mark EAR TIPS is confusingly similar in sight, sound and commercial impression to Unilever's Q-TIPS® Mark and it covers similar goods. As such, your use of the mark EAR TIPS is likely to mislead consumers into mistakenly believing that your products are sponsored by, licensed from or otherwise affiliated with Unilever and/or its Q-TIPS® products. As a result, your use of the name EAR TIPS infringes Unilever's exclusive rights in its Q-TIPS® Mark and constitutes trademark infringement and unfair competition in violation of Unilever's rights under Section 43 of the Lanham Act, 15 U.S.C. § 1125, and under the common law. Furthermore, use of EAR TIPS is likely to dilute Unilever's famous Q-TIPS® Mark in violation of the Federal Trademark Dilution Act and the anti-dilution laws of various states.

In view of the foregoing, we must insist that you supply us with written confirmation by **December 12, 2007** that you:

(1) will phase out all use and planned use of EAR TIPS and any name, mark or domain name confusingly similar to the Q-TIPS® Mark;

(2) have permanently abandoned your application, Serial No. 77/304,762, filed with United States Patent and Trademark Office to register EAR TIPS as a trademark;

(3) do not own any federal, state or domain name registrations for or applications to register any marks confusingly similar to the Q-TIPS® Mark (except for application Serial No. 77/304,762) and will permanently abandon all plans to register any such marks, including any federal, state or domain name applications to register any such marks; and

If you comply with the above Unilever is prepared to allow you a period of three (3) months in which to sell off your existing inventory of EAR TIPS products and adopt another name that does not violate Unilever's rights. Please note that Unilever would consider any name incorporating "TIPS" to be a violation of Unilever's rights.

Thank you for your anticipated cooperation.

This letter is without prejudice to any of Unilever's rights, all of which are expressly reserved.

Sincerely,

Gregory P. Gulia